172 So.2d 721 (1965)
Paul F. SANDERSON
v.
BINNINGS CONSTRUCTION COMPANY, Inc., and Insurance Company of North America.
No. 1749.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
Lemle & Kelleher, Albert H. Hanemann, Jr., New Orleans, for Binnings Const. Co. Inc., and Insurance Co. of North America, third-party plaintiffs-appellants.
Ogden, Woods, Henriques & Rives, Charlton B. Ogden, II, New Orleans, for Boeing Co., defendant-appellee.
*722 Before McBRIDE, YARRUT and BARNETTE, JJ.
McBRIDE, Judge.
Paul F. Sanderson (employee of Dixie Machine Welding and Manufacturing Company) sued Binnings Construction Company, Inc., and its liability insurer for a large amount as damages for physical injuries allegedly sustained August 13, 1963, when plaintiff was "plunged into" a hollow metal piling while acting within the course and scope of his employment with Dixie at and upon what is called the Michoud facility in New Orleans. Plaintiff alleges the piling had been installed by Binnings Construction Company, Inc., and makes the charge that the employees of said corporation were negligent in several respects in leaving the piling in such condition as to "create a trap."
The Boeing Company was the principal contractor performing the work at the Michoud facility. Dixie Machine Welding and Manufacturing Company, plaintiff's employer, was a subcontractor; Binnings Construction Company, Inc., was also the subcontractor of The Boeing Company.
Defendants filed a third-party demand against The Boeing Company alleging that the work Binnings Construction Company, Inc., had undertaken under its subcontract with The Boeing Company had been fully completed and the job turned over to The Boeing Company on May 27, 1963; that if plaintiff was injured some three months later as he alleges, such was the result of the negligence of the employees of The Boeing Company. Third-party plaintiffs allege further that if they are liable unto plaintiff for damages, they are entitled to indemnification and have judgment against The Boeing Company to the full extent of such damages. Alternatively they claim that in the event Binnings Construction Company, Inc., is held liable for plaintiff's damages as a tortfeasor, then The Boeing Company is a joint tortfeasor and the third-party plaintiffs are entitled to contribution from The Boeing Company for one-half of any amount for which the third-party plaintiffs may be cast.
The Boeing Company interposed an exception of no right or cause of action to the third-party demand which was maintained below; from the judgment dismissing said demand the third-party plaintiffs have perfected this appeal.
Third-party plaintiffs take the position that if the employees of Binnings Construction Company, Inc., were negligent, said corporation is only technically or constructively at fault and that the actual fault and proximate cause of plaintiff's injury is attributable to the employees of The Boeing Company in whose possession the piling was, and under authority of Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, the third-party plaintiffs may maintain an action for indemnification against The Boeing Company.
The Appalachian case is authority for the proposition that a joint tortfeasor who was only technically or constructively at fault may recover indemnification from the joint tortfeasor who was actually at fault. But are Binnings Construction Company, Inc., and The Boeing Company joint tortfeasors?
Under the terms of the workmen's compensation statute, a principal contractor is liable for compensation benefits due the employee of a subcontractor or independent contractor for injuries sustained in the course of performing work the subcontractor or independent contractor is obligated to execute for the principal. LSA-R.S. 23:1061; Hano v. Kinchen, La.App., 122 So.2d 889, and the several cases therein cited.
Thus, The Boeing Company by virtue of its status of principal contractor would be liable for compensation benefits to the plaintiff for injuries sustained during the scope and course of his employment with the subcontractor, Dixie Machine Welding and Manufacturing Company. *723 Rights and remedies granted to an employee or a dependent on account of a personal injury for which he is entitled to compensation under the provisions of the statute are exclusive of all other rights and remedies of such employee. LSA-R.S. 23:1032, Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137; Roy v. Mutual Rice Co. of Louisiana, 177 La. 883, 149 So. 508; Daigle v. Moody, La.App., 140 So. 842, aff. 175 La. 853, 144 So. 596.
It is settled in this state that the rights and obligations of the employer and employee under the workmen's compensation statute arise solely out of the contract of employment. An award under the statute is not made on the theory that a tort has been committed, but on the contrary, the award is made upon the theory that the statute is read into and becomes a part of the contract of employment. Therefore, any cause of action which the injured plaintiff may have against The Boeing Company arises under contract and not under LSA-C.C. art. 2315. Bourgeois v. J. W. Crawford Const. Co., 213 La. 992, 36 So.2d 13; Labourdette v. Doullut & Williams Shipbuilding Co., 156 La. 412, 100 So. 547; Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549; Dourrieu v. Board of Com'rs of Port of New Orleans, La. App., 158 So. 581; Burson v. Ohio Oil Co., 6 La.App. 739; Legendre v. Barker, 5 La.App. 618, 621.
The principal or statutory employer who is liable for compensation under the workmen's compensation statute is not a third person who can be subjected to a tort claim by an employee of his subcontractor. Thibodaux v. Sun Oil Co., La.App., 40 So.2d 761; Dandridge v. Fidelity & Casualty Co. of New York, La.App., 192 So. 887; Gaiennie Co., Ltd. and Union Indemnity Co. v. John O. Chisolm, doing business as John O. Chisolm & Co., 3 La.App. 358.
The Boeing Company not being a joint tortfeasor with Binnings Construction Company, Inc., the latter and its insurer have no right under any theory of law known to us to demand indemnity.
Alternatively, third-party plaintiffs seek to enforce contribution from Boeing. For the reasons above assigned, there is no validity whatever to this plea. There must be an obligation in solido on the part of the debtors before either can be compelled for the whole. LSA-C.C. art. 2091. It is only when two or more debtors are solidarity liable that the debt should be divided between them. LSA-C.C. art. 2103.
We find no error in the judgment maintaining the exception and dismissing the third-party demand, and therefore, said judgment is affirmed.
Affirmed.