174 So.2d 122 (1965)
247 La. 695
Alma SMITH
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.
No. 47396.
Supreme Court of Louisiana.
March 29, 1965.
Rehearing Denied May 3, 1965.
*123 Fruge & Foret, by J. Burton Foret, Ville Platte, for appellant.
Daniel J. McGee, Mamou, for plaintiff-appellee-respondent.
SUMMERS, Justice.
Plaintiff, Alma Smith, the wife of Dovic Fontenot, was injured while riding as a passenger in an automobile owned and driven by her husband when it collided with a car owned and driven by Regile Bordelon. At the time of the collision Bordelon's vehicle was insured by Southern Farm Bureau Casualty Insurance Company.
Plaintiff filed a direct action against the insurer alleging that the accident was caused by Bordelon's negligence. The defendant insurer filed a general denial and then, as third party plaintiff, filed a third-party demand against Dovic Fontenot, husband of the plaintiff, alleging that because of his negligent operation of the vehicle in which his wife was riding he was a joint tort-feasor; and, if the third party plaintiff *124 was cast, it demanded contribution from Fontenot, the third party defendant, under the authority of Article 2103 of the LSA-Civil Code.
Fontenot filed an exception of no right or cause of action to the third-party demand for contribution. He then answered denying his negligence.
The exception is predicated on LSA-R.S. 9:291 which grants the husband immunity from suit by the wife. Under this statute Fontenot contends that, as the husband of the injured plaintiff, he is exempt from suit by his wife in this action. Therefore, contribution cannot be enforced against him in this case, as, in reality, it would be the same as a suit by the wife against the husband, for contribution would have the effect of forcing the husband to pay the joint tort-feasor his virile share of the damages suffered by his wife.
This exception was sustained by the trial court on the ground that the husband enjoyed immunity from suit by his wife and to permit the third party demand for contribution to succeed would be, in effect, permitting a suit by the wife against the husband indirectly when it is not permitted directly.
In the main demand there was judgment in favor of the plaintiff Alma Smith and against the defendant insurer for $3,500.
The husband, Dovic Fontenot, also filed a separate action against Southern Farm Bureau Casualty Insurance Company. This suit, which had been consolidated for trial with Alma Smith's suit, was dismissed by the trial court on a finding that Fontenot was contributorily negligent, which was, in fact, a finding that Fontenot's negligence concurred with Bordelon's negligence to cause Alma Smith's injuries. Fontenot was, therefore, a joint tort-feasor in the Alma Smith suit.
Appeals were taken in both suits. The Court of Appeal, Third Circuit, affirmed both decisions. See Smith v. Southern Farm Bureau Casualty Insurance Company, 164 So.2d 647 (La.App.1964) and Fontenot v. Southern Farm Bureau Casualty Insurance Company, 164 So.2d 653 (La.App.1964). Upon timely application, we granted certiorari in the former suit to review the res nova question of whether contribution can be demanded from a concurrently negligent husband in a suit by the wife against the other joint tort-feasor. See 246 La. 854, 167 So.2d 672 (1964). No application for a writ of review was made in the latter case and its holding that Dovic Fontenot was contributorily negligent became a final judgment on July 1, 1964.
The defendant insurer is not contesting the negligence of its insured, Bordelon, and there is no dispute concerning quantum, the only issue being the right of the principal defendant to demand contribution against the third party defendant, joint tort-feasor, husband of the principal plaintiff.
The husband enjoys immunity from suit by the wife, except in certain instances not pertinent to the issue before us. LSA-R.S. 9:291. This immunity exists, commendably, to maintain domestic tranquility and promote the stability of the family unit.
Defendant insurer recognizes the husband's immunity from suit by the wife, but asserts that this immunity has no relevancy to its demand for contribution. This is so, it is said, because under the terms of Article 2103 of the LSA-Civil Code a solidary obligor is given a substantive right to enforce contribution against his solidary co-debtor; that as joint tort-feasor with the husband it is also a solidary obligor with him, and for this reason, the argument continues, the claim for contribution against the joint tort-feasor husband is founded on an independent, substantive cause of action between the solidary obligors. Hence, under concepts of solidary obligations, the demand for contribution may be enforced without the joinder of the injured wife. Under these circumstances, it is asserted, the concurrently negligent husband cannot invoke interspousal immunity against the *125 joint tort-feasor, for a bar to such a suit is not within the contemplation of the immunity statute. (LSA-R.S. 9:291).
The codal article relied upon by the defendant insurer provides:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against a solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff." LSA-Civ.Code art. 2103.
It is quite clear to us that the joint tort-feasors in the case at bar are solidary codebtors within the meaning of the foregoing article.
The general tenor of Article 2315, creating a cause of action in favor of injured parties against those by whose fault the injury happened, makes that article universal in its operation unless a specific exception is established by law. In view of this fundamental premise, and in the absence of an appropriate exception, it follows that a substantive cause of action would come into being in favor of an injured wife against a negligent husband. The immunity created by LSA-R.S. 9:291 is not an exception to the creation of this substantive cause of action; it is merely a procedural bar to the wife's right to sue the husband personally.
Thus, where the wife sustains personal injuries as a result of her husband's negligence, it has been held that the wife has a cause of action against her husband for the damages which she sustained. This rule has been expressed in this manner:
"* * * Under Article 2315, the tort victim has a substantive cause of action against the tort feasor, be he stranger or spouse. The cause of action is in valid existence during marriage; the injured spouse is the obligee or creditor of that cause of action while the spouse whose duty it is to repair the damage is the obligor or debtor; but it cannot be asserted as the law affords no appropriate remedy, or right of action, in such circumstances against the tortfeasor-spouse personally." Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 1116, 134 So.2d 45, 52 (1961). See also Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191 (1935); Addison v. Employers Mutual Liability Ins. Co. of Wisconsin, 64 So.2d 484 (La.App.1953).
Primarily, Article 2324 of the LSA-Civil Code establishes the solidary liability of the husband in this case when it declares that, "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act." That the husband "caused another person" to do an unlawful act or "assisted" in the commission of the tort involved is not open to question. He was adjudged a joint tortfeasor by virtue of his contributory negligence in a judgment which is now final. And, as we have shown, the status of the husband as a joint tort-feasor is real and not merely nominal, for, in fact, a cause of action was created in favor of his wife by his negligent conduct. Consequently, by virtue of Article 2324 of the LSA-Civil Code a solidary obligation between joint tort-feasors has taken place of right. See LSA-Civ.Code art. 2093.
*126 Moreover, our jurisprudence has consistently recognized that joint tortfeasors are solidarily liable. Cust v. Item Co., 200 La. 515, 8 So.2d 361 (1942); Reid v. Lowden, 192 La. 811, 189 So. 286 (1939); Jones v. Maestri, 170 La. 290, 127 So. 631 (1930); Johnson v. Legeai, 147 La. 92, 84 So. 505 (1920); Williams v. Pelican Creamery, 30 So.2d 574 (La.App.1947); Grigsby v. Morgan & Lindsey, 148 So. 506 (La.App.1933).
Therefore, at the time when the tortious conduct occurred, a legal liability or obligation was created in the husband, in solido with the other joint tort-feasor, to repair the wife's damage caused through their concurring fault. Aside from the effects of the tortious conduct of the joint tort-feasors on injured parties, obligations between them were created and vested which are controlled by their relationship as solidary obligors. LSA-Civ.Code arts. 2091-2107. What is implicit in this relationship of solidary obligors is the positive pronouncement that a solidary obligation should be divided between the solidary obligors. LSA-Civ.Code art. 2103. Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45 (1961).
Thus it is evident that the cause of action in favor of the wife against all joint tort-feasors, including the husband, and a solidary obligation between the joint tortfeasors comes into being at the time of the commission of the tort.
Being convinced that the joint tort-feasors are solidary obligors, we cannot reach the result for which the husband contends and deny the right to contribution allowed by Article 2103 of the LSA-Civil Code. By this article the law has established rights and provided for their enforcement between solidary codebtors. To accept the husband's contention it would be necessary to disregard the plain terms of that article giving solidary obligors independent, substantive and procedural rights to contribution from their solidary codebtors. See also LSA-Code of Civil Proc. arts. 1111 to 1116; 25 La.Law Rev. 186, 198 (1964).
Moreover, in this demand for contribution by a joint tort-feasor asserting substantive and procedural rights accorded by statute against another joint tort-feasor (LSA-Civ.Code art. 2103), it will not do for this court to broaden the scope of LSA-R.S. 9:291 and permit the husband to invoke immunity from suit against parties other than his wife. Especially when, by the very terms of the immunity statute, it applies only to suits between spouses.
The indirect, adverse effect upon the marital relationship which might result from such a demand for contribution which concerned the trial court and court of appeal also concerns us, but this concern is not a basis for extending the application of LSA-R.S. 9:291 beyond its clear importthe incapacity of the wife to sue her husband for damages being purely procedural and definitely limited to a suit between spouses.
Furthermore, the husband, whose tortious conduct has helped to create the solidary obligation for which his joint tort-feasor must respond in full to the injured wife, should not be permitted to escape the consequence of his wrongdoing to parties other than his wife, such as his clear and apparent statutory obligation to divide the effects of the solidary debt by contributing to his solidary codebtor.
There is no merit to the claim for damages for a frivolous appeal.
For the reasons assigned, the judgment appealed from is amended to allow the demand for contribution asserted by Southern Farm Bureau Casualty Insurance Company against Dovic Fontenot, costs to be assessed equally against said parties. In all other respects the judgment is affirmed.
*127 SANDERS, J., dissents with written reasons.
SANDERS, Justice (dissenting).
Reversing the Court of Appeal,[1] the present decision allows an insurer sued by a wife to enforce contribution against her husband for the payment of her damages. The practical effect of this unfortunate decision is to cut in half the value of a wife's insurance claim, when she is injured under circumstances in which the husband may be one of those at fault. In my opinion, the holding is unsound, being contrary to recent, well-considered decisions in Louisiana: Johnson v. Housing Authority of New Orleans, La.App. 4 Cir., 163 So.2d 569 (1964) and Rouley v. State Farm Mutual Automobile Insurance Co., W.D.La., 235 F.Supp. 786 (1964).
Article 1111 of the LSA-Code of Civil Procedure provides:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand."
As amended by Act No. 30 of 1960, Article 2103 of the LSA-Civil Code states:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."
Clearly, the wife-victim cannot recover damages from her husband. LSA-R.S. 9:291 prohibits a married woman from suing her husband for a delict, or tort. The statute embodies a strong public policy of ancient origin. It can be traced to the Spanish Code, Las Siete Partidas. It appeared as Article 105 in the Code of Practice of both 1825 and 1870. Act No. 31 of 1960 transferred the law, with minor changes, to LSA-R.S. 9:291. This act was a companion measure to Act 30 of 1960, amending Article 2103 of the LSA-Civil Code to allow debtors liable in solido to seek contribution from a co-debtor by third party petition. It follows that the law retains the policy banning suits by the wife against the husband. Moreover, a plausible argument can be advanced that the policy has been strengthened by its reaffirmation and transfer from the procedural code to the general body of statutory law.
In Rouley v. State Farm Mutual Automobile Insurance Co., supra, the suit was on behalf of a child. The defendant-insurer sought contribution from the child's father by third party petition. The Court dismissed the third party petition against the father, stating:
"* * * To permit a joint tortfeasor to compel contribution from a husband or from a parent in such a case is to invest a wrongdoer with a greater right than the tort victim has, and runs counter to the well-established policy of our law that one should not *128 be allowed to profit from his own wrongdoing. * * *"
"In addition, the public policy of the state which prompted the enactment of LSA-R.S. 9:291 and 9:571 and similar provisions, would be violated, and even further, it would open the door to and actively promote collusion between father and child or husband and wife to defeat the common danger posed by the demand of the tort-feasor seeking contribution from one clothed with such immunity, upon whom the tort victim is usually legally and in fact dependent." 235 F.Supp. 786, 793.
In Johnson v. Housing Authority of New Orleans, supra, the Court of Appeal, Fourth Circuit, likewise held that the defendant-insurer could not enforce contribution against the father in a suit for damages on behalf of a child.
On the original hearing, the court said.
"The exception was properly sustained. To allow the defendants herein to prosecute their demands for indemnification or contribution against the parents would in effect be investing a wrongdoer, as against the co-tortfeasor, with a greater right than the tort victim has. The parents may urge their immunity from suit against the demands of its co-tortfeasor as well as they could have urged it against any claim asserted by the child."
On rehearing the court adhered to its original decision, adding:
"In other states, almost without exception, the rule is that to entitle a tortfeasor to contribution from another tort-feasor whose negligence has concurred in producing an injury to a third person (in the instant case, the child), such third person must have an enforceable cause of action against the one from whom contribution is sought."
These two decisions, as well as that of the Court of Appeal in the present case, align with the case law throughout the nation. The annotation on this subject in 19 A.L.R.2d 1003 summarizes the law as follows:
"The courts have recognized and applied with practical unanimity the rule that to entitle a tortfeasor to contribution from another tortfeasor whose negligence has concurred in producing an injury to a third person, such third person must have an enforceable cause of action not only against the tortfeasor seeking contribution but also against the one against whom contribution is sought."
See also 18 Am.Jur.2d, Contribution, § 49, pp. 71-72; 18 C.J.S., Contribution, § 3, p. 6; and Prosser, Law of Torts, 3d Ed., § 47, p. 277 (1964).
The same rule has been adopted under the Uniform Contribution Among Tortfeasors Act in effect in a number of states. 9 Uniform Laws Annotated, Uniform Contribution Among Tort-feasors Act, § 1, Commissioners' Note, p. 118 (1964 Cumulative pocket part); Baltimore Transit Co. v. State to Use of Schriefer, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460. The courts reached this result under the uniform act on the theory that the right of contribution is a derivative right and that a contribution-defendant must be in a position "to suffer adverse judgment at the instance of the injured person whether or not the injured person elected to impose it."
Apart from the legal basis for denying contribution against the husband, which I believe to be adequate, sound policy considerations also support the rule. Firstly, contribution in such a case frustrates efficient loss distribution, the salutary objective of any insurance program. Affected by this decision, of course, are the uninsured husbands, *129 for if a husband carries public liability insurance, his insurer may be subjected to contribution under settled rules. See Rouley v. State Farm Mutual Insurance Co., supra. The result, then, of the present decision is to shift the loss back to the shoulders of the uninsured husband, who cannot distribute it at all. Secondly, it complicates the formerly clean-cut direct action of the wife by injecting her husband into the litigation in an adversary position.
For the reasons assigned, I respectfully dissent.
Rehearing denied.
HAWTHORNE and SANDERS, JJ., are of the opinion that a rehearing should be granted in this case.
NOTES
[1] Smith v. Southern Farm Bureau Casualty Ins. Co., La.App., 3 Cir., 164 So.2d 647.