**YALE & TOWNE MANUFACTURING COMPANY et al., Appellants,**

**v.**

**J. RAY McDERMOTT COMPANY, Inc., Appellee.**

**No. 21659.**

United States Court of Appeals
Fifth Circuit.

June 21, 1965.

Harmon F. Roy, Lafayette, La., for appellants.

John A. Bernard, Lafayette, La., for appellee.

Before HUTCHESON, Circuit Judge, WHITAKER,* Senior Judge, and JONES, Circuit Judge.

JONES, Circuit Judge:

Andrew Y. Romero was an employee of the appellee, J. Ray McDermott Company, Inc., at its manufacturing plant in St. Mary Parish, Louisiana. While so employed, and in the course of his employment, he sustained an injury as the result of an accident for which he received workmen's compensation from the employer or its compensation insurance carrier. The injury occurred while the employee, Romero, was using a hoist manufactured by the appellant, Yale & Towne Manufacturing Company. He brought an action against Yale & Towne and its insurer asserting that it was negligent in designing and manufacturing the hoist and that the injury sustained was the result of its negligence. Yale & Towne filed a third party complaint against the employer, McDermott, alleging that it was negligent in failing to provide Romero with a safe place to work, failing to furnish safety devices and to instruct Romero in using and requiring him to use such safety devices, which negligent acts and omissions were claimed by Yale & Towne to have caused Romero's injuries. McDermott, the third party defendant, filed a motion to dismiss the third party complaint. The motion was granted and a judgment dismissing the third party complaint was entered. From that judgment this appeal has been taken.

The basis for Federal jurisdiction is diversity of citizenship. The law by which the case must be decided is that of Louisiana. At the time the appeal was argued and submitted, there was no decision of this Court or of a Louisiana appellate court which could be regarded as conclusive upon the legal issue raised, although the well reasoned opinion of Judge Dawkins in Auld v. Globe Indemnity Co., D.C.W.D.La.1963, 220 F.Supp. 96, was most persuasive. It was fol-

* Of the Court of Claims, sitting by designation.

372

lowed by the district court in this case. The principles stated in the Auld decision and applied by the district court in this case have now found expression in a recent opinion of the Court of Appeal of Louisiana. Sanderson v. Binnings Construction Co., 172 So.2d 721, decided March 18, 1965. The appellant urges that the Sanderson case has been impliedly overruled by the decision of the Supreme Court of Louisiana in Smith v. Southern Farm Bureau Casualty Ins. Co., 247 La. 695, 174 So.2d 122, decided March 29, 1965. We are of the opinion that the latter case is not in point as to the issue in the case before us. We are also of the opinion that the Sanderson case is in point and requires an affirmance of the judgment of the district court.

Affirmed.