207 So.2d 158 (1968)
Clarence W. McLAUGHLIN
v.
Edward (Eddie) BRASWELL, Liberty Mutual Insurance Company, and Louisiana Power & Light Company.
No. 2881.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1968.
Rehearing Denied March 4, 1968.
Writ Refused April 11, 1968.
Rodney P. Woods, Jr., and Monroe & Lemann, Melvin I. Schwartzman, Andrew P. Carter, Eugene G. Taggart, and W. Malcolm Stevenson, New Orleans, for Louisiana Power & Light Co., third party plaintiff-appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Robert J. Vandaworker, Baton Rouge, for Raymond International Inc., third party defendant-appellee.
Before CHASEZ, HALL and RAINOLD, JJ.
RAINOLD, Judge.
Plaintiff's main demand arose out of an accident which occurred on Highway 44 in St. James Parish, Louisiana, on April 15, 1963. He was helping transport a large crane to a construction site for his employer, Raymond International Inc., when he was thrown backwards from his position on the crane into high voltage wires owned by Louisiana Power & Light Company *159 which caused him to fall about 10 feet to the ground and to sustain serious injuries.
Plaintiff filed a tort action against Edward Braswell, a fellow employee; his alleged insurer, Liberty Mutual Insurance Company; and Louisiana Power & Light Company. Liberty Mutual was dismissed from the main demand because it was found not to be an insurer of Mr. Braswell. However, Liberty Mutual did intervene in the present suit as the workmen's compensation insurer of Raymond Industrial Inc. in order to recover any benefits which it paid to the plaintiff.
Louisiana Power & Light Company filed a third party petition alleging that plaintiff's employer, Raymond International Inc. was a joint tort-feasor and demanded contribution. The trial judge sustained Raymond International Inc.'s exception of no cause of action from which judgment Louisiana Power & Light Company has taken this appeal.
The sole question is whether or not the employer may be impleaded as a third party defendant and cast in judgment for contribution despite the Workmen's Compensation Act which provides an exclusive remedy to the injured employee. LSA-R.S. 23:1032 provides, inter alia:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."
However, in spite of this section the appellant contends it is entitled to maintain its third party action under LSA-C.C. art. 2103 which was amended in 1960 to provide for contribution when two or more debtors are liable in solido. Since this amendment, a line of Louisiana intermediate appellate court cases and federal cases have held that an employer cannot be called upon for contribution toward the payment of damages suffered by the employee even where the injuries of the employee resulted from the joint negligence on the part of the employer and a third party. Sanderson v. Binnings Construction Company, La.App., 172 So.2d 721; Lambert v. Austin Bridge Company, La.App., 189 So. 2d 752; Hebert v. Blankenship, La.App., 187 So.2d 798; Gros v. Steen Production Service, Inc., La.App., 197 So.2d 356; Auld v. Globe Indemnity Company, D.C., 220 F.Supp. 96; Yale & Towne Manufacturing Co. v. J. Ray McDermott Co., 5 Cir., 347 F.2d 371; Phillips v. Houston Fire & Casualty Insurance Company, D.C., 219 F. Supp. 420.
Appellant argues these cases are in conflict with the Louisiana Supreme Court decision in Smith v. Southern Farm Bureau Casualty Ins. Co., 247 La. 695, 174 So.2d 122. However, the Smith case simply held that a tort committed by one spouse against the other results in a cause of action in favor of the injured spouse and even though there is a procedural bar to suits between spouses, this bar is not available to a husband in a suit against him demanding contribution from a joint tort-feasor. However, in the Smith case both the spouse tort-feasor and the third party tort-feasor owed the injured spouse a common debt which arose from a common cause of action. The court in the Smith case made this point very emphatically when it said:
"It is quite clear to us that the joint tort-feasors in the case at bar are solidary co-debtors within the meaning of the foregoing article [LSA-C.C. art. 2103]."
This is not true in the case at bar. In a situation similar to that in the instant case the court in Phillips v. Houston Fire & Casualty Insurance Company, supra, said the right in favor of the injured employee against his employer and the right against the third party tort-feasor "grow from different seeds, rooted in different soil, * *."
In the first Louisiana case to consider this question, Sanderson v. Binnings Construction Company, supra, it was pointed *160 out that the right of the employee under the Workmen's Compensation Act arises solely out of the contract of employment and not under any tort theory. Therefore the court concluded that the third party tort-feasor and the employer are not debtors in solido and therefore the third party tort-feasor cannot demand contribution under LSA-C.C. art. 2103. In Louisiana this theory has been followed in Lambert v. Austin Bridge Company, supra, and Gros v. Steen Production Service, Inc., supra.
Moreover, the United States Court of Appeals for the Fifth Circuit in considering a third party complaint against an employer found that the Sanderson, not the Smith case, was on point. Yale & Towne Manufacturing Co. v. J. Ray McDermott Co., supra.
Appellant also relies on Hebert v. Blankenship, supra, although it denied the third party tort-feasor contribution against the employer. Appellant claims that this result was reached only because the court felt there was a danger that the employer would be exposed to double liability and that this factor is not present in the instant case because Liberty Mutual has already intervened to recover its compensation payments. However, this danger of double recovery was not the only rationale used in the cited case in which the court stated:
"Like the trial court, in the absence of clear legislative direction, we are unwilling to hold that the 1960 legislative amendment of Civil Code Article 2103 to permit contribution between joint tort-feasors, was also intended to expand the previously settled limited-to-compensation liability of employers for work injuries to their employees, which until then had barred contribution from employers for tort damages to which their fault contributed."
Moreover, in the cited case, in a footnote, it is pointed out that the employer's immunity for liability for contributory fault has traditionally even prevented the employer's contributory negligence from barring his right to reimbursement from a tort-feasor of compensation paid to the injured employee.
Considering the jurisprudence and the theories upon which it is based, it is clear that there can be no third party action for contribution allowed in the instant case. For the above reasons the judgment appealed from is affirmed; appellant to pay all costs in both courts.
Judgment affirmed.