207 So.2d 160 (1968)
Edith J. GIFFORD and Robert L. Gifford, Jr.
v.
AURAND MANUFACTURING COMPANY, Russell Simoneaux, d/b/a West Side Electric Service, the William F. Surgi Equipment Corporation, General Accident Fire and Life Assurance Corp., Ltd., Zurich Insurance Company, and Argonaut-Southwest Insurance Company.
No. 2815.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1968.
Rehearings Denied March 4, 1968.
Writs Refused April 19, 1968.
*161 Kierr & Gainsburgh, Eldon E. Fallon, New Orleans, for Edith J. Gifford and Robert L. Gifford, Jr., plaintiffs-appellees.
Adams & Reese, Thomas J. Wyllie, New Orleans, for Argonaut-Southwest Insurance Co., defendant-appellant.
Schoemann, Gones & Ducote, Monte J. Ducote, New Orleans, for Aurand Manufacturing Co. and General Accident Fire & Life Assurance Corp., Ltd., third-party plaintiffs-appellants.
Coe, Nowalsky & Lambert, John D. Lambert, Jr., New Orleans, for Russell Simoneaux, d/b/a West Side Electric Service, defendant-appellant.
Lloyd C. Melancon, of counsel: Mc-Loughlin, Barranger, West, Provosty & Melancon, New Orleans, for Chevron Oil Co., the California Co. Division, defendant-appellee.
Before YARRUT, CHASEZ and JANVIER, JJ.
CHASEZ, Judge.
The principal demand of this suit is a claim for negligence seeking relief in tort for wrongful death and other injuries sustained by the widow, Edith J. Gifford, and Robert L. Gifford, Jr., the minor son of an offshore oil-rig worker who was electrocuted while using a rust scraping tool.
*162 In her suit the plaintiff has sued Aurand Manufacturing Company and its insurer, General Accident Fire and Life Assurance Corporation, Ltd., as responsible for the manufacture of the tool. She has also named Russell Simoneaux, doing business as West Side Electric Service, and his alleged insurer, Argonaut-Southwest Insurance Co., for the faulty repair of the tool prior to its use by the decedent. Also originally named but now dismissed from this action is William F. Surgi Equipment Corporation and its insurer, The Zurich Insurance Corporation.
The defendants remaining in the principal demand, have sought to establish a third party demand against the California Company for contribution or indemnity as a joint tort-feasor. This demand was heard by summary process in the district court and dismissed insofar as California Company was concerned. The appeal now before us thus relates only to the dismissal of these third party demands and the attempt to reestablish appellants' claim against the California Company.
The factual basis of the case may offer further insight into the multiple issues and parties to this appeal.
The decedent, Robert L. Gifford, was employed by Oil Field Maintenance Company to work on offshore platforms owned and operated by the California Company. During the course of such employment, while working on California's "L" structure located approximately one mile from the Louisiana coast line, he was electrocuted by an electric tool furnished to him by the California Company.
The legal representative of the deceased and his minor son then brought suit against the California Company in the United States District Court alleging the sole negligence of the California Company as the cause of the death. This suit was compromised by the California Company with a payment of $50,000.00, and the plaintiff executed a restricted release to the California Company which contained hold harmless and indemnity provisions reserving, however, whatever rights she may have against numerous third parties listed therein.
The plaintiff then filed a suit under Article 2315 in the Civil District Court for the Parish of Orleans against the manufacturer of the tool, the retailer who sold the tool to the California Company, and a repair shop which allegedly repaired the tool prior to the accident, along with various insurance companies allegedly providing insurance to those defendants.
From this suit the third party demands which are presently before us have arisen. There are other claims and exceptions thereto which are not listed in this statement of facts, but we find a simplified development of the case to be more helpful in understanding the rights of the parties to this appeal. Therefore, our determination of this controversy shall be restricted to whatever rights the appellants may have to bring in California Company as a third party defendant in the principal demand.
The basis of this appeal and the issues thereto have been somewhat clouded by several arguments presented for our consideration. The parties to this litigation depending on their interest have unturned every conceivable facet of the question of contribution and indemnification arising under the circumstances of this third party demand. Perhaps a mere listing of the arguments presented for our consideration would be illustrative of the choice of law before us and the possibility of confusing the real issue of this controversy.
Generally the argument voiced by Argonaut-Southwest Insurance Company and adopted by Russell Simoneaux, d/b/a West Side Electric Service, embraces theories under Louisiana Law of both tort and workman's compensation which are presented to serve as authority for the retention of California Co. in the trial on the merits. On the other hand, Aurand Manufacturing *163 Company and its insurer take the tact that federal compensation law applies to this situation and attempts to maintain its third party demand under an application of the Longshoremen's and Harbor Workers' Compensation Act.
In answer to these arguments the California Company frames its defense primarily on the fact that as an "undisputed" statutory employer, the Louisiana Workmen's Compensation Act grants it immunity from third party demands which arise beyond the authority granted in the act. In addition to this statutory immunity, California argues that the restrictive indemnity release signed by the plaintiff in the original demand is sufficient to exempt them from contribution as a joint tort-feasor.
Having considered the legal maze presented by the multitude of alleged errors of the district court and the issues of the appeal as voiced by the several parties to this litigation, we find that the matter may be best examined under the theory of tort as framed by the plaintiffs in their original claim. All other aspects of this appeal will of course be dealt with, but we find the real issue and the underlying principal which gives the proper basis on which each party may litigate his rights to be grounded in tort. Therefore, we shall examine the rights of the appellants on the basis of tort which we feel dispositive of the real issue to this appeal.
In its brief California Company argues correctly that among joint tort-feasors, if one tort-feasor is released from liability even though all rights are reserved against the others, then those not released are deprived of their rights to enforce contribution against the one released. Louisiana Civil Code, article 2103. This article has been interpreted by this court in Danks v. Maher, 177 So.2d 412 for reasons which we think are pertinent to the parties of this appeal at least to the extent that they may be determined to be joint tort-feasors. The applicable reasoning of the court is as follows:
"Our interpretation of the law relating to conventional obligations, therefore, is that where there are only two solidary obligors, and the creditor settles with and grants a remission as to one of them, reserving his rights against the other, the creditor thereby deprives the remaining obligor of his right to a legal subrogation against the released debtor, and accordingly, the creditor thereafter can claim only one-half the debt from the debtor who has not been released.
"The right to enforce contribution among joint tort-feasors is based on the same right to legal subrogation which takes place among solidary debtors under conventional obligations. Since the distinction between the two types of solidary obligations has been erased with the 1960 amendment of Article 2103 of the Civil Code, we think the rules heretofore set out relating to the right to legal subrogation in conventional debts apply also to delictal obligations.
"We conclude therefore, that where the claimant in a tort action settles with and releases one of two joint tort-feasors, reserving all of his rights against the other, the remaining tort-feasor is thereby deprived of his right to enforce contribution against the one who has been released. And, since the claimant by his own act has deprived the unreleased tort-feasor of this right to enforce contribution, he can recover from the latter only one-half of the damages which he sustained."
Danks v. Maher, at p. 423-424.
While we are in complete agreement with the conclusion reached in the Danks decision, our attention is now focused on a relationship which stands independently of California's liability in tort. While the general duty of contribution among joint tort-feasors is applicable to the parties in this controversy, we find an indemnity agreement between California Company and West Side Electric Service which effects *164 a relationship that shall continue in existence although the liability of joint tort-feasors may be removed by some operation of law. The agreement which is found on the work order for the repair of the alleged defective tool, purports to establish a reciprocal obligation for partial indemnification in the event joint or concurrent negligence is found to have caused certain injuries.[1] Although strongly urged in brief we are not to establish what each party's responsibilities are under this agreement, since this is a matter to be properly determined at the trial on the merits. The partial indemnity which this agreement purportedly establishes goes beyond the right of contribution among joint tort-feasors or the release therefrom as provided by the Civil Code. The effect of the agreement is to perfect a relationship between California Company and West Side Electric Service, which is contractually superimposed on the codal provisions for contribution or release of joint tort-feasors, and it is this relationship which will maintain the third party demand for indemnity voiced by West Side Electric Service when conventional basis for contribution fails. Thus, in spite of article 2103 of the Civil Code and the decision in the Danks v. Maher case, we find a separate and independent basis on which California Company should be retained in this suit at least to determine what liability if any should be charged to them under the agreement with West Side Electric Service. We do not intend to diminish the effect of Danks v. Maher, and in fact follow that rule in our dismissal of demand voiced by Aurand Manufacturing Company and its insurer. We simply hold that under the agreement we have before us the third party demand against California Company shall not be dismissed at a summary proceeding, but should be referred to the trial on the merits. Furthermore, we find no such independent agreement existing between Aurand Manufacturing Company and California, and therefore the dismissal of California based on release of one joint tort-feasor shall be affirmed with respect to the third party demand brought by Aurand Manufacturing Company and the General Accident Fire and Life Assurance Corporation.
The other aspects of this appeal which we find merely tangential to the determinative issue at hand are based on the allegation that California Company is a statutory employer under workman's compensation theory. Whether considered from the viewpoint of West Side Electirc Service seeking to apply Louisiana law or from that of Aurand Manufacturing Company basing its argument on federal law, the issue presented is concerned simply with the employer's contribution as a third party defendant in tort, when the employee's remedy is permitted exclusively workman's compensation relief. The specific Statutes referred to by the appellants are the Louisiana Workmen's Compensation Act[2] and the Longshoremen's and Harbor Workers' Compensation Act[3] respectively. Although these parties have approached the issue with affirmative arguments as to which theory should apply, our rather extensive research reveals that under neither statute would the result differ from the one we have reached in our treatment of the question under the more applicable Louisiana law of tort. Therefore, with respect to these arguments we shall make our findings known, but we do not *165 intend to modify our opinion that the basic issue to this appeal is grounded in tort. We find simply that the alternative approach to workman's compensation will not alter our original determination even if considered applicable to the case at bar.
Under the Louisiana Workmen's Compensation Act, it is quite clear that an employer cannot be forced to contribute as a third party defendant in tort to the payment of damages suffered by the employee even though the injuries to the employee resulted from the joint negligence of the employer and a third party. Sanderson v. Binnings Construction Co., La.App., 172 So.2d 721; Gros v. Steen Production Service, Inc., La.App., 197 So.2d 356; Yale & Towne Manufacturing Co. v. J. Ray Mc-Dermott Co., 5 Cir., 347 F.2d 371; Mc-Laughlin v. Braswell, 207 So.2d 158, handed down this day by the Fourth Circuit, Court of Appeal. The employee has his exclusive remedy against the employer under the terms of the Louisiana Workmen's Compensation Statute, and for this reason the employer shall not be held liable through the exercise of other rights and remedies available to the employee or his representatives. LSA-R.S. 23:1032, and authorities cited above.
In a suit somewhat similar to the one before us, the Court of Appeal in the Third Circuit dismissed a third party demand, which was based on an implied indemnity obligation in Herbert v. Blankenship, 187 So.2d 798. The court found that an implied indemnity theory was insufficient to sustain the demand against the statutory employer, and in the absence of an express contractual duty no supplemental and independent liability may be assessed against the employer. We are in agreement with this decision and find it analogous to the present controversy, in that under a theory of workman's compensation, a different result would not be reached even if California Company were declared a statutory employer under the Louisiana Statute. Thus, whatever appeal is made to this law, we find it serves only to support our conclusion already reached.
The Longshoremen's and Harbor Workers' Compensation Act was also presented to us as governing the rights of the parties to this demand, but our research into this possibility reveals not only that it is inapplicable, but if it were utilized that the result would not alter the position of the parties as originally determined. In support of this conclusion we refer to Ocean Drilling & Exploration Co. v. Berry Bros. Oilfield Service, Inc., 377 F.2d 511, handed down by the Fifth Circuit Court of Appeals in May, 1967. This suit arose exclusively under the Longshoremen's and Harbor Workers' Acts and dealt with a third party demand against an employer by the defendant in the principal tort action. The third party demand was dismissed under an interpretation of an exclusive liability provision of the Longshoremen's and Harbor Workers' Act which is the result found under the Louisiana Statute. Thus, whether an appeal is made to Federal or State theories of workman's compensation, the final resolution of this third party demand is identical with our conclusion under tort theory. We cannot find that California Company is a statutory employer under either Louisiana or Longshoremen's and Harbor Workers' Acts and therefore do not imply that these statutes should control. We do, however, fell obliged to state their effect since such reliance was placed on them in argument before us. Thus, we find no grounds for determination of the controversy presented before us except in tort, and although workman's compensation theories might offer a solution to a similar situation, we are of the opinion that the necessary prerequisite that California Company is a statutory employer has not been made a fact in this proceeding.
Therefore, we affirm the judgment of the district court with respect to Aurand Manufacturing Company and General Accident Fire & Life Assurance Corporation, Ltd., and dismiss their third party complaint against the California Company at the cost *166 of Aurand Manufacturing Company and General Accident Fire & Life Assurance Corporation, Ltd. We reverse the judgment of the district court in favor of California Company and against Argonaut & Southwest Insurance Company and Russell Simoneaux, doing business as West Side Electric Service, and order that the third party petition of Argonaut-Southwest Insurance Company and Russell Simoneaux, doing business as West Side Electric Service be reinstated; and the matter is remanded to the district court for further proceedings on the merits; costs to be paid by the California Company.
Affirmed in part, dismissed in part, reversed in part, rendered, and remanded.
NOTES
[1] Quoted in pertinent part, the agreement states:

"Contractor agrees to hold company indemnified and harmless from and against any loss, expense, claim or demand for:
* * * * * *
(B) "For injury to. or death of, third persons or the employees of company, or for damage to or loss of property of company or of third persons, in any way arising out of or connected with the performance by contractor of services hereunder, unless caused solely by the negligence of company; provided that if such injury, death, damage or loss is caused by the joint or concurrent negligence of contractor and company, each shall be liable for one-half of the loss, expense, claim, or demand resulting therefrom."
[2] LSA-R.S. 23:1021 et seq.
[3] 33 U.S.C.A. § 901 et seq.