350 So.2d 956 (1977)
Jerry Lee CRIPE, Plaintiff-Appellant,
v.
J. D. HAYNES, Neal Haynes and Jim Sites, Defendants-Appellees.
No. 13331.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
*958 James B. Wells & Associates by A. R. Snell, Bossier City, for plaintiff-appellant.
Hal V. Lyons, Shreveport, for defendant-appellee-Jim Sites.
Cook, Clark, Egan, Yancey & King by Benjamin C. King, Shreveport, for defendants-appellees-J. D. Haynes and Neal Haynes.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
The issue on appeal in this "executive officer" action is whether a compromise settlement entered into between the plaintiff-employee and his employer and the employer's workmen's compensation insurer precludes the employee's action against three executive officers of the employer. The district court sustained a motion for summary judgment filed by one of the defendants and an exception of no cause of action filed by the other two defendants and dismissed plaintiff's suit. For reasons expressed in this opinion, we reverse and remand.
Plaintiff's petition alleges he was employed as a truck driver and was injured while driving his employer's truck and trailer when the defective trailer gave way causing the truck to go out of control. The petition alleges negligence on the part of the president of the employer corporation and two supervisors in that they knew of the defects in the trailer yet failed and refused to halt use of it and instead required plaintiff to use it on the date of the accident.
Defendant Sites filed a motion for summary judgment alleging that plaintiff had released all claims arising out of the accident by virtue of a compromise and release in a workmen's compensation settlement approved by the court in a previous proceeding. A copy of the record in the previous proceeding was attached to and made a part of the motion for summary judgment.
Defendants, J. D. Haynes and Neal Haynes, filed an "Exception of Res Judicata and Alternative Exception of No Cause and No Right of Action" based on the previous proceeding.
The district court sustained the motion for summary judgment, overruled the exception of res judicata, and sustained the exception of no cause of action. Plaintiff appealed from the judgment dismissing his suit.
On appeal plaintiff contends:
(1) The exception of no cause of action should not have been sustained because an exception of no cause of action must be determined on the face of the allegations of the petition; therefore, the compromise and release could not be considered;
(2) The compromise and release was only of the plaintiff's workmen's compensation claim against the employer and its insurer and did not settle or release plaintiff's tort claims; and
(3) Even if the compromise and release covered plaintiff's claims in tort, if any, against the employer and its insurer, it did not settle or release plaintiff's claims in tort against the executive officers of the employer.
Defendants contend:
(1) The compromise and release was of all plaintiff's claims, of any nature, including tort, arising out of the accident against all parties whomsoever; and
(2) The release of the employer and its insurer, who are joint tort-feasors and debtors in solido with the defendant-executive *959 officers, without express reservation of plaintiff's rights against the remaining debtors in solido, constituted a release of the executive officers.

1.
Plaintiff's position is correct as to the exception of no cause of action. Since an exception of no cause of action must be determined on the face of the allegations of the petition, the compromise and release was not properly before the court in connection with this exception. The error is of no consequence, however, as the compromise and release was properly before the court in connection with one defendant's motion for summary judgment and with the other defendants' exception of res judicata. See Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967).

2.
The record in the previous workmen's compensation compromise and settlement proceedings, including the joint petition, judgment, and receipt and release, supports defendants' contention that plaintiff compromised and released all claims of any nature, including claims for damages, that he had against the employer and its insurer. Although the words "tort" or "personal injury" are not used, the words "all claims" for "injuries", "damages", "all liability" or "any thing else whatsoever" are used. The language plainly shows a release of all claims of any nature against the employer and its insurer. No counter-affidavits or other evidence was offered by plaintiff to show error or intent contrary to the plain language of the compromise proceeding. There is no reason why claims of any and every nature against the employer cannot be settled along with a workmen's compensation settlement. See Meinerz v. Treybig, 245 So.2d 557 (La.App. 3d Cir. 1971) writ refused, 258 La. 580, 247 So.2d 395 (1971); Dodge v. Central Louisiana Electric Company, 257 So.2d 802 (La.App. 3d Cir. 1972) writ refused 261 La. 481, 259 So.2d 921 (1972).

3.
The primary issue in this case is not what was released, but who was released. The compromise proceeding was between plaintiff on the one hand and the employer and its workmen's compensation insurer on the other hand. The compromise proceedings, including the judgment and the receipt and release, do not mention any other parties. The proceedings do not in any way mention or purport to release any claims plaintiff may have against officers, agents, or employees of the employer. In this respect, the compromise and release in this case differs significantly from the releases in Meinerz and Dodge, which specifically named the agents, officers and employees of the employer as parties released.
The release does not purport to release the executive officers of the employer or anyone else other than the employer and its compensation insurer. The defendant-executive officers take the position, however, that under the allegations of the petition they are joint tort-feasors and debtors in solido with the employer. Consequently, it is contended, the release of one joint tort-feasor or debtor in solido, without reservation of rights against the others, released the other solidary debtors under LSA-C.C. Art. 2203 which provides:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."
LSA-C.C. Art. 2324 provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
This article has consistently been interpreted as making joint tort-feasors solidarily liable for the damages caused by their combined acts of negligence.
LSA-C.C. Arts. 2077, et seq., deal with obligations in solido. Article 2091 provides:

*960 "There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
LSA-C.C. Art. 2315 creates the substantive liability of those whose fault causes damage to another and a substantive cause of action in favor of persons injured by the fault of another to be compensated for their damages.
The Workmen's Compensation Act provides a substantive exception to the rule of Article 2315. An employer whose fault causes damage to an employee is not required to repair the damages. The employee has no cause of action under Article 2315 against the employer for damages for injury sustained in the course and scope of his employment due to the employer's fault. LSA-R.S. 23:1032; Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App. 2d Cir. 1939); Shumate v. Home Indemnity Co., 68 So.2d 789 (La.App. 2d Cir. 1953). The Workmen's Compensation Act creates an entirely different, distinct, and separate cause of action in favor of an employee against an employer for specific statutory benefits, regardless of fault on the part of the employer.
Although the employer may have been independently and jointly negligent along with the executive officers of the employer, resulting in injury to the employee, the employer is not answerable in solido with the executive officers because it has no liability to repair the damages caused by its negligence. The meaning of Article 2324 is that joint tort-feasors who are each answerable under substantive law for damages caused by their acts are answerable in solido. If one wrongdoer is immune from liability  not answerable for damages  that wrongdoer is not liable in solido with a wrongdoer who is answerable for damages.
This analysis is consistent with the definition of solidary liability found in the Civil Code articles dealing specifically with that subject. Tracking the language of Article 2091, the employer and its executive officers, in relation to damages sustained by the employee, are not all obliged to do the same thing, each may not be compelled for the whole, and payment made by one does not exonerate the others toward the creditor. The elements of a solidary obligation do not exist in this case.
This analysis is also consistent with several cases involving injuries to an employee allegedly caused by the joint negligence of the employer and a third party, which cases hold that contribution under LSA-C.C. Art. 2103 cannot be claimed by the third party against the employer, nor can the third party claim a credit for one-half of the damages due where an employee is being paid workmen's compensation or has settled his workmen's compensation claim against the employer. Sanderson v. Binnings Construction Company, 172 So.2d 721 (La.App. 4th Cir. 1965); Gros v. Steen Production Service, Inc., 197 So.2d 356 (La.App. 4th Cir. 1967); Gifford v. Aurand, 207 So.2d 160 (La.App. 4th Cir. 1968), writ refused, 252 La. 113, 209 So.2d 41 (1968); Hebert v. Blankenship, 187 So.2d 798 (La.App. 3d Cir. 1966); Phillips v. Houston Fire and Casualty Insurance Company, 219 F.Supp. 420 (W.D.La.1963); Brenham v. Southern Pacific Company, 328 F.Supp. 119 (D.C.La.1971), affirmed 469 F.2d 1095 (5 Cir.), cert, denied, Southern Pacific Transportation Company v. Sutton's Steel & Supply, Inc., 409 U.S. 1061, 93 S.Ct. 560, 34 L.Ed.2d 513 (1972). See also Certain Underwriters at Lloyd's v. United States, 511 F.2d 159 (5th Cir."1975), which held that a third-party tort-feasor has no claim for contribution against the federal government for damages owed by the third party to an injured serviceman, there being no substantive tort liability on the part of the government employer to the serviceman and, consequently, no solidary liability with the third party.
Smith v. Southern Farm Bureau Casualty Insurance Company, 247 La. 695, 174 So.2d 122 (1965) is distinguishable. There it was held that although a wife is procedurally barred from suing her husband *961 for tort damages, she nevertheless has a substantive cause of action against her husband under Article 2315, which renders the husband solidarily liable with a joint tort-feasor and, therefore, liable for contribution to the joint tort-feasor. The distinction between Smith and the instant case is that here the workmen's compensation statute is a substantive exception, not merely a procedural bar, to the general tort liability imposed by Article 2315. The injured employee has no cause of action against the employer for the damages caused by the employer's fault. The Smith case itself recognizes that there are substantive exceptions to Article 2315 fault liability.
Since the employer and its workmen's compensation insurer are not debtors in solido with the defendant-executive officers, the release by plaintiff of all claims against the employer and its insurer does not operate under Article 2203 to also release the executive officers of the employer.
For a scholarly article on solidary obligations discussing issues closely related to the primary issue in this case and presenting views which, to some extent may be contrary to the conclusion reached in this opinion, see Redmann, "Louisiana Civil Code Principles of Contribution and Indemnity: Solidary Obligations and Suretyship", 17 Loy.L.Rev. 297 (1970-1971).
Dodge, supra, cited by defendants and by the trial court, is not persuasive authority to the contrary. The holding in Dodge that a release of the employer also released the executive officers was purely obiter dictum. The only issue in that case was whether the language of the release included tort claims. The court held tort claims were included in the release, which specifically named the executive officers as parties being released. The court noted that the question of release because of solidary liability was not raised or briefed; but the court proceeded to discuss the issue, holding the release of the employer without reservation of rights against the other parties released all parties. The court's obiter dictum holding might be justified by the fact that in that case it was alleged by plaintiff that the employer and the executive officers were joint tort-feasors and liable in solido. In the case before this court, there are no such allegations. In any event, we do not regard the Dodge case as controlling authority on the issue presented in the case before us.
The compromise entered into between the plaintiff-employee and the employer and its workmen's compensation insurer, and the release of all claims granted by plaintiff to those parties, did not compromise or release plaintiff's claims ex delicto against the employer's executive officers. The judgment of the district court dismissing plaintiff's suit is reversed; the motion for summary judgment and exception of res judicata and no cause and no right of action are overruled; and this action is remanded to the First Judicial District Court for further proceedings in accordance with law. Defendants-appellees are assessed with the cost of this appeal; the assessment of all other costs to await final determination of the litigation.
Reversed and remanded.