490 So.2d 381 (1986)
Herman P. CASNAVE
v.
DIXIE BUILDING MATERIAL COMPANY, INCORPORATED, et al.
No. C-5617.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1986.
*382 Adams & Reese, Philip O. Bergeron and Martin A. Stern, New Orleans, for relator, third-party defendant Spartan Bldg. Corp.
Wiedemann & Fransen, Allain F. Hardin, New Orleans, for defendant, third-party plaintiff Dixie Bldg. Material Co., Inc.
Before CIACCIO and WILLIAMS, JJ., and HUFFT, J. Pro Tem.
CIACCIO, Judge.
We granted certiorari to review a district court judgment denying relator's motion for summary judgment against third-party plaintiff, defendant Dixie Building Material Company, Inc. Generally, this court will not exercise supervisory jurisdiction to review the denial of a motion for summary judgment, although a court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. When there is no dispute of fact and a reversal of the judgment will terminate the litigation as to relator, however, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs be decided to avoid the waste of time and expense of a possibly useless future trial on the merits as it affects this relator. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985), writ denied, 469 So.2d 979 (La. 1985); Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).
Plaintiff, Herman P. Casnave, was injured when struck by a chute attached to a ready-mix cement truck. Defendant, Dixie Building Material Company, Inc., owned the truck to which the chute was attached. Plaintiff's petition alleges the negligence of Dixie and one of its employees, including allegations that the chute was defective.
At the time of the accident plaintiff worked for Spartan Building Corporation. He was engaged in his duties with Spartan, constructing a sidewalk, when the Dixie truck delivered the cement to the construction site. From the affidavits in the record, Spartan employees incorrectly flagged down the Dixie truck thinking the cement was intended for their construction site when it was not.
Dixie filed a third party complaint against Spartan alleging Spartan's fault or negligence as the cause of the accident, and seeking indemnity or contribution from Spartan. Spartan filed a motion for summary judgment submitting that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law on the basis of its immunity from tort liability provided in La.R.S. 23:1032 which makes worker's compensation the exclusive remedy available to an injured employee from his employer.
Dixie argues that because the cement should not have been delivered to the Spartan construction site, plaintiff's participation in the delivery was outside of the course and scope of his employment. Since the worker's compensation statutes apply to employees injured during the course and scope of their employment, Dixie argues for the non-applicability of these laws to this case. Dixie's premise that plaintiff was not injured during the course and scope of his employment is flawed. Plaintiff was engaged in exactly those duties he was expected to perform. The mistaken delivery of cement to the wrong site did not operate suddenly and momentarily to put plaintiff beyond the course and scope of his employment.
Next Dixie submits that plaintiff was its borrowed employee. Dixie argues, therefore, that Spartan is solidarily liable with Dixie to the plaintiff for worker's compensation benefits. This is not a suit for worker's compensation benefits, however, but an action against Dixie for liability in tort. Dixie also argues that the factual nature of the borrowed-employee issue renders this case inappropriate for summary *383 judgment. In this case's present posture, whether plaintiff is Dixie's borrowed employee is a fact question only as between Dixie and the plaintiff. Whether plaintiff is Dixie's borrowed employee has no effect on whether Spartan can claim tort immunity to Dixie's third-party action.
Alternatively, Dixie contends that if it is held liable to the plaintiff in tort, and also required to reimburse Spartan for any compensation benefits paid, that Spartan will then be "unjustifiably enriched." It may be true that in some instances an employee may be injured through the combined fault of his employer and a third party, and that as a function of the worker's compensation laws the third party bears the entire burden of the loss. The correction of any inequity caused by the operation of the Worker's Compensation law is a matter for the legislature and not for the courts. It was the legislature who determined in the give and take of the law making process that injured workers would be guaranteed compensation regardless of employer fault while employers would be immune from liability in tort for the injuries.
As to the liability exposure of an employer third-partied by an alleged joint tortfeasor, our courts have settled the issue.
Under the Louisiana Workmen's Compensation Act, it is quite clear that an employer cannot be forced to contribute as a third party defendant in tort to the payment of damages suffered by the employee even though the injuries to the employee result from the joint negligence of the employer and a third party. Sanderson v. Binnings Construction Co., La.App., 172 So.2d 721; Gros v. Steen Production Service, Inc., La.App., 197 So.2d 356; Yale & Towne Manufacturing Co. v. J. Ray McDermott Co., 5 Cir., 347 F.2d 371; McLaughlin v. Braswell, 207 So.2d 158, handed down this day by the Fourth Circuit, Court of Appeal. The employee has his exclusive remedy against the employer under the terms of the Louisiana Workmen's Compensation Statute, and for this reason the employer shall not be held liable through the exercise of other rights and remedies available to the employee or his representatives. LSA-R.S. 23:1032, and authorities cited above.
Gifford v. Aurand Manufacturing Company, 207 So.2d 160, at 165 (La.App. 4th Cir.1968), writ denied, 252 La. 113, 209 So.2d 41 (1968).
An employer could by contract obligate itself to indemnify a third-party. See Hebert v. Blankenship, 187 So.2d 798 (La. App. 3d Cir.1966); Bagwell v. South Louisiana Electric Co-Op Association, 228 So.2d 555 (La.App. 3d Cir.1969). Dixie does not contend that an indemnity contract exists. To the contrary Dixie submits that there is no contract between Dixie and Spartan, and argues that because of the lack of a contract the third-party action should be permitted. Clearly, only if there was a contract so providing could Dixie seek indemnity or contribution in tort from Spartan.
For the foregoing reasons we find that the trial judge erred by denying Spartan's motion for summary judgment on the third-party action. Accordingly, we reverse that judgment. Additionally, from the pleadings and affadavits in the record we find that there exists no genuine issue as to material fact; from the law as cited above, we hold that relator is entitled to judgment as a matter of law; we, therefore, render judgment granting Spartan's motion for summary judgment on the third-party action. La.C.C.P. Art. 966. Dixie's third-party action against Spartan is dismissed. All costs of the third-party action and of this supervisory action shall be paid by Dixie Building Material Company, Inc.
REVERSED; Summary Judgment Granted, Third-Party Action Dismissed.