454 So.2d 135 (1984)
Sheila BOUDREAUX
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.
No. 83 CA 0516.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 27, 1984.
*136 Denis J. Gaubert, III, of Michael X. St. Martin, Houma, for plaintiff and appellantShelia Boudreaux.
W. Paul Andersson, and Marta-Ann Schnabel, New Orleans, for defendant and appelleeGovernment Employees Insurance Co.
Before COVINGTON, LOTTINGER, EDWARDS, PONDER, COLE, WATKINS, SHORTESS, CARTER, SAVOIE, LANIER, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an action brought by Ms. Boudreaux against her uninsured and underinsured motorist carrier, Government Employees Insurance Company, for personal injury resulting from a two-car collision on Bond Street in Houma, Louisiana. Ms. Boudreaux was a guest passenger in a 1973 Datsun 280 Z, owned by Mrs. Glen Boudreaux, and driven by Lemuel W. Glidwell, which collided with a 1974 Nova, owned by Carol Brunette, Sr., and driven by his son, Carol Brunette, Jr., on May 24, 1980.
Government Employees, the insurer of Mrs. Boudreaux' 280 Z, filed an exception of no right of action to Ms. Boudreaux's suit, contending that Ms. Boudreaux had executed a Release of All Claims on February 25, 1981, in consideration of the sum of $5,000.00, the policy limits of an automobile liability insurance policy held by Carol Brunette, Sr. with Allstate Insurance Company. Government Employees further contends it is a solidary obligor with Allstate under the holding in Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982), and that said release effected a release of Government Employees under LSA-C.C. art. 2203, as Ms. Boudreaux did not reserve her rights to pursue her claim against Government Employees. A motion for summary judgment in the alternative was later filed by Government Employees.
The trial court sustained the exception of no right of action, and dismissed plaintiff's suit. We reverse.
*137 In her original brief before this court, Ms. Boudreaux argued strongly that consideration of a release was inappropriate on an exception of no right of action. This contention would appear to have been well founded. An exception of no right of action decides solely the issue of whether or not plaintiff is a member of the class of persons having a legal interest to sue in the cause of action asserted. A release constitutes a defense. It is not a proper object of consideration on the exception of no right of action. Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir.1967). However, in a reply brief, counsel for Ms. Boudreaux abandons this contention, stating that he is content that the case be decided as if the motion for summary judgment, which Government Employees had filed in the alternative, had been decided adversely to Ms. Boudreaux.
Counsel for Government Employees contends that as Ms. Boudreaux did not reserve her rights to proceed against Government Employees, her UM carrier, when she released Allstate, and as, under his interpretation of Hoefly, supra, Government Employees and Allstate are solidary obligors for all purposes, the release of Allstate without a reservation by Ms. Boudreaux of her rights to proceed against Government Employees effected a release of Government Employees under the provision of LSA-C.C. art. 2203.
However, this contention gives Hoefly an unduly broad significance. Hoefly involved a case in which suit was filed against an underinsured motorist and her insurer within the one year prescriptive period. After the prescriptive period had expired, suit was filed against the UM carrier. Hoefly held simply that under the prescriptive situation presented the underinsured motorist and the UM carrier were debtors in solido, and hence, suit against one interrupted the running of prescription against all. See LSA-C.C. art. 2097. The case noted it dealt only with the prescriptive situation, and that, this being a Civilian jurisdiction, the finding of solidary obligation did not apply to all relationships in all situations affecting the tort victim, his UM carrier, and the tortfeasor.
Some three years before its decision in Hoefly, the Louisiana Supreme Court had decided Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979). In this case, the Supreme Court held that a subrogation clause and consent to settle clause (which required the UM carrier's consent before a release of the tortfeasor and his insurer was effected) violated the policy behind, and specific provisions of, LSA-R.S. 22:1406D(4), which reads as follows:
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.

* * * * * *
(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
As the UM carrier is entitled to the proceeds of a judgment or settlement resulting from the exercise of any rights against the tortfeasor or anyone who may be legally responsible, the court reasoned, this right took the place of the right to subrogation, and hence the UM carrier was without right to subrogation, and was without interest to demand that the insured obtain its consent to settle before entering into a settlement with the tortfeasor and the insurer.
Thus, the right of the UM carrier is limited to a credit for the proceeds obtained from the tortfeasor and his insurer, and the UM carrier is not a solidary obligor with the automobile liability insurer in the sense that the UM carrier can obtain from the automobile liability insurer its virile share of the debt. That being the case, the release of the tortfeasor and his insurer *138 does not affect the UM carrier to its detriment, and the release of the tortfeasor and his insurer does not in any fashion effect a release of the UM carrier. Thus, Ms. Boudreaux is free to pursue her claim against her UM carrier, Government Employees. To hold otherwise would be to vitiate both the clear meaning of LSA-R.S. 22:1406D(4) and the broad policy in favor of UM coverage that the entire statute establishes.
We are fully mindful of the decisions of the Fourth Circuit in Corona v. State Farm Insurance Co., 444 So.2d 763 (La. App. 4th Cir.1984), and the Fifth Circuit in Decedue v. Government Employees Insurance Co., 441 So.2d 72 (La.App. 5th Cir. 1983), which reached a result the opposite of the result we reach herein, and relied upon Hoefly, supra, as being controlling. However, neither of these cases discussed Niemann, supra, or the implication of LSA-R.S. 22:1406D(4). Decisions of other circuits are not binding upon this court, and Hoefly expressly disavows any intention by the Supreme Court that it be followed as if by rote in all cases.
We find it unnecessary to determine whether or not a rescission of the settlement discussed herein, which rescission was executed by both Ms. Boudreaux and a representative of Allstate, was of legal efficacy, although we see no reason why it would not be.
The judgment of the trial court is reversed, the exception of no right of action is overruled, the motion for summary judgment is denied, and the case is remanded for further proceedings. Costs of this appeal to be paid by Government Employees Insurance Company.
REVERSED AND REMANDED.
LANIER, J., concurs in the result.
SAVOIE, J., concurs in the result for the reasons assigned in Justice Marcus' dissent in Hoefly v. Gov't Employees Ins. Co., 418 So.2d 575 (1982).