621 So.2d 168 (1993)
Dale DUET
v.
James LUCKY, et al.
No. 93-C-1116.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1993.
*169 James S. Thompson, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for relator.
Steven B. Witman, Roy E. Sasser, Duplass, Witman, Zwain & Williams, Metairie, for respondent.
Before BYRNES, CIACCIO and JONES, JJ.
JONES, Judge.
On the application of State Farm Mutual Automobile Insurance Company we grant certiorari in order to consider the validity of a judgment of the trial court denying relator's exception of res judicata and motion for summary judgment. The record before us consists of the insurance policy *170 issued by State Farm, the release executed by the plaintiff, Edward Servat, and State Farm, and the release and assignment of claim form executed by the plaintiff and Allstate Insurance Company. Having reviewed these documents and the briefs of the parties, we reverse the judgment of the trial court and dismiss the third party demand filed by Allstate Insurance Company against the relator, State Farm.

STATEMENT OF THE CASE
Plaintiff, Dale Duet, instituted the present suit to recover damages for injuries sustained in a vehicular accident. At the time of the accident, the plaintiff was a guest passenger in a vehicle being driven by Edward Servat, III. Prior to instituting any litigation, the plaintiff settled with Servat and his insurer, State Farm Mutual Automobile Insurance Company. Plaintiff then filed the instant litigation against James Lucky, the driver of the other vehicle involved in the accident; Champion Insurance Company, Mr. Lucky's insurer; Louisiana Insurance Guaranty Association, the statutory guarantor for Champion; and Allstate Insurance Company, her own uninsured motorist carrier. Allstate Insurance Company then filed a third party demand against State Farm alleging that State Farm provided the primary underinsured motorist coverage for the Servat vehicle and that this coverage would prime the underinsured motorist coverage provided by Allstate. Later, Allstate, in an amending and supplemental third party demand, also alleged that the plaintiff had assigned all of her causes of action against State Farm to Allstate.
State Farm filed a motion for summary judgment and exception of res judicata alleging that the plaintiff had released State Farm and Servat from any and all claims arising from the accident. After a hearing on the exception and motion, the trial court denied State Farm's exception and motion. It is from this judgment that State Farm seeks supervisory writs.

DISCUSSION AND LAW
Ordinarily, an appellate court generally will not exercise its supervisory jurisdiction absent a showing of irreparable injury or unless an ordinary appeal does not afford an adequate remedy. Guidry v. Shelter Insurance Co., 535 So.2d 393, 395 (La.App. 3rd Cir.1988), citing Stevens v. Patterson Menhaden Corp., 191 So.2d 692 (La.App. 1st Cir.1966), writ den., 250 La. 5, 193 So.2d 524 (1967). Nor will a court of appeal routinely exercise its supervisory jurisdiction to review the denial of a motion for summary judgment. Casnave v. Dixie Building Material Company, Inc., 490 So.2d 381, 382 (La.App. 4th Cir.1986). However, in cases like this where there is no dispute of fact and a reversal of the judgment will terminate the litigation as to the relator, judicial efficiency and fundamental fairness dictate that the merits of the application for writs be decided. Id., Moreau v. Moran, 465 So.2d 202, 205 (La. App. 3rd Cir.1985). See also Herlitz Construction Company Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
In the present case, State Farm argues that the trial court erred in denying its motion for summary judgment and exception of res judicata because the evidence conclusively demonstrated that the plaintiff, Dale Duet had executed an agreement compromising all claims against State Farm and releasing State Farm from liability. Allstate argues that the plaintiff was not aware of her claim for damages against State Farm because of its status as her UM insurer and that the release executed by the plaintiff did not release State Farm from any liability that it had as a result of the provisions in Edward Servat's policy which provided UM coverage for guest passengers.
The trial court gave the following reasons for denying the relator's exception of res judicata and motion for summary judgment:
The Court finds that the general release does not include a release for uninsured motorists coverage under the State Farm policy. See Carona v. State Farm, 458 So.2d 1275 (La.1984) and Boudreaux *171 v. Government Employees Insurance, 454 So.2d 135 (1st Cir.1984).
State Farm argues that the trial court incorrectly applied the cases of Carona v. State Farm Insurance Company, 458 So.2d 1275 (La.1984) and Boudreaux v. Government Employees Insurance Company, 454 So.2d 135 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1245 (La.1985). We agree.
In Carona v. State Farm, supra, the Louisiana Supreme Court held that when an automobile accident victim settles with his tortfeasor, his claim against his own uninsured motorist insurer is not discharged merely because he does not expressly reserve his right against the UM insurer. Similarly, in Boudreaux v. GEICO, supra, the First Circuit concluded that the release of a tortfeasor and his insurer does not affect the uninsured motorist carrier of the tort victim to its detriment, and the release of the tortfeasor and his insurer does not effect a release of the uninsured motorist carrier.
Both Carona and Boudreaux are distinguishable from this case in that the plaintiffs in those cases had sued their own uninsured motorist insurers after settling with the tortfeasors and their liability insurers. In those cases, the UM carrier attempted to elude their liability to the plaintiffs by claiming that the settlement between the plaintiff and the tortfeasor also precluded suit against them.
The factual situation in the case at bar is substantially different from the factual scenarios in Carona, supra and Boudreaux, supra wherein, the courts acknowledged that the plaintiffs could pursue their claims against their UM carriers without expressly reserving their rights in the settlement agreements. Here, Allstate, as plaintiff's UM carrier, does not contend that the settlement between plaintiff and State Farm precludes suit against it. Rather, Allstate alleges that the settlement between the plaintiff and State Farm was only as to State Farm's position as Servat's liability insurer. Thus, according to Allstate, State Farm would still have some liability as the primary UM insurer pursuant to La.R.S. 22:1406(D) and Allstate would only be liable to the plaintiff for any excess.
The primary issue to be decided is whether the release executed by the plaintiff completely released State Farm from liability or whether State Farm remains liable to the plaintiff, and thus to Allstate, in its capacity as assignee of any rights that the plaintiff has against State Farm.
The meaning and intent of the parties to a written contract must be determined by looking within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. article 1848; Olivier v. Xavier University, 553 So.2d 1004 (La.App. 4th Cir.1989), writ denied, 556 So.2d 1279 (La.1990). The release signed by the plaintiff provides, in pertinent part, that she
releases and forever discharges State Farm Mutual Automobile Insurance Co. and Edward Servat, III, their heirs, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 2nd day of July, [19]89 at or near High Rise on I-10.
The language of the release evidences the intent to release both Servat and State Farm from "any and all claims ... known and unknown ... on account of all injuries... from an accident which occurred on or about the 2nd day of July, [19]89 at or near High Rise on I-10." This settlement agreement, on its own, effectively precludes the possibility that the plaintiff intended to release State Farm only in its capacity as Servat's liability insurer.
An exception to the prohibition against submitting parol evidence to determine *172 the intent of the parties rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement. La.C.C. article 3079; Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961). Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir. 1981). Here, no dispute exists between the parties as to what matters were settled by the compromise agreement. Rather, it is a third party, Allstate, who is seeking to raise the issue of intent. Absent some type of evidence to substantiate the allegation of a mistake in intent, no reason exists to look beyond the corners of the document to ascertain intent.
Pursuant to La.C.C.P. article 966, a motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. Penalber v. Blount, 550 So.2d 577 (La.1989); Vermillion Corp. v. Vaughn, 397 So.2d 490 (La. 1981).
The burden of proof is on the mover to establish there are no genuine issues of material fact. A "fact" is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. The burden on the mover is exacting. Penalber v. Blount, supra at 583; American Bank & Trust Co. v. Vinson, 528 So.2d 693 (La.App. 2nd Cir. 1988).
In the present case, no genuine issue of material fact exists. Allstate, in its third party demand, attempts to raise the issue of plaintiff's intent upon entering into the settlement agreement with State Farm and Servat. However, we find that since Allstate was not a party to the agreement, it has no right to raise this issue. Moreover, the language of the release signed by the plaintiff and State Farm is clear and unambiguous. Unlike the situation in Carona and Boudreaux, the alleged UM insurer was a party to the release, thus no reason existed to reserve any rights against State Farm.
In both Carona and Boudreaux, the courts found that while the plaintiffs did not expressly reserve their rights against their UM carriers in the settlement agreements, the plaintiffs were not precluded from suing their own UM carriers. In this case, the trial court mistakenly relied upon Carona and Boudreaux and ignored the mandate to give effect to a valid and binding compromise agreement.
Compromises are favored in the law and the burden of proving the invalidity of a compromise is on the party attacking the agreement. Ellison v. Michelli, 513 So.2d 336 (La. 4th Cir.1987). Since Allstate failed to introduce any evidence whatsoever to support its contention that the plaintiff did not intend to release State Farm from all claims, the trial court should have granted State Farm's motion for summary judgment.
Additionally, we find that the exception of res judicata was also well-founded and should have been sustained. At the time plaintiff's petition was filed, La.R.S. 13:4231 defined res judicata as
[t]he authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
While the doctrine of res judicata is normally based on a conclusive legal presumption of "the thing adjudged" between the same parties and is ordinarily predicated on a final judgment, the doctrine is also applicable where a transaction or settlement of a disputed or compromised matter has been entered into between the parties. Civil Code article 3071; Thompson v. Bank of New Orleans and Trust Co., 422 So.2d 230 (La.App. 4th Cir.1982).
*173 A release of a claim in exchange for consideration received is, in effect, a compromise which constitutes the basis of a plea of res judicata. Ellison v. Michelli, 513 So.2d 336 (La.App. 4th Cir.1987). Since State Farm was a party to the compromise agreement, it correctly raised the plea of res judicata. Since the wording in the release was clear and ambiguous, the trial court erred when it failed to sustain the exception of res judicata.
Accordingly, this writ is granted and the ruling of the trial court is reversed.
REVERSED.