ARMSTRONG, Judge.
WRIT DENIED: Defendant Interstate Fire and Casualty Company (“Interstate”) seeks review of the trial court’s denial of its exception of res judicata.
*682 On June 24,1988, Sharon Turner was driving Viola Noble’s car, in which Ms. Noble was a passenger, when it was struck by the car driven by Claude Pelican. Ms. Turner and Ms. Noble filed suit against Pelican, his insurer, and Ms. Nobel’s UM insurer, Champion Insurance, which has since been replaced by the Louisiana Insurance Guaranty Association (LIGA). On January 11, 1991, the two plaintiffs signed restricted releases of their claims against Pelican and his insurer for the full amount of the policy limits. Both releases stated as follows:
I * * * hereby release and forever discharge, on my behalf and on behalf of any person or persons, firms, corporation, or any other entity having an interest in the matters which are the subject of this release, Claude Pelican and United States Fidelity and Guaranty company, and their respective officers, directors, stockholders, employees, agents, assigns, indemnitors, or any other entities not specifically named but connected with them in any way from any and all claims for loss of consortium, loss of love and affection, loss of guidance, loss of support, and any and all claims for medical, hospital, or other expenses, loss of earnings and loss of earnings capacity, physical, mental and emotional injuries or disabilities of any nature whatsoever, past, present or future, including all claims arising out of or in any matter whatsoever connected with or resulting from, either directly or indirectly, a certain incident which occurred on or about June 24, 1988 in the Parish of Orleans, State of Louisiana, as is more fully described in a certain lawsuit bearing No. 88-22732 on the docket of Division “I”, Civil District Court, Parish of Orleans, State of Louisiana, entitled Sharon Turner, et al vs. Claude Pelican, et al.
******
It is specifically understood and agreed that this is a full and final release of all claims of every nature and kind whatsoever without limitation, which may in any way be connected with the aforesaid incident including any and all claims of [plaintiffs], in tort, contract, under any uninsured motorist insurance policy or statute, in addition, particularly all claims for penalties and/or attorney fees asserted against Claude Pelican and United States Fidelity and Guaranty Company, reserving unto the plaintiff the right to assert claims against persons or entities not so released herein.
****** H
Plaintiffs subsequently filed an amending petition naming Interstate, Ms. Turner’s UM insurer, as a defendant. Interstate, as well as LIGA, filed an exception of res judicata arguing that the release of Pelican and his insurer released plaintiffs’ UM claims. The case went to trial without a ruling on the exceptions. The trial judge took both the exceptions and the merits under advisement; and, on July 15, 1993 the trial judge overruled the exceptions but deferred ruling on the merits pending resolution of Interstate’s writ application regarding res judicata.
Interstate complains that the trial court erred in overruling its exception of res judi-cata because the releases signed by Ms. Turner and Ms. Noble specifically and unequivocally released their claims against Interstate for UM benefits. Interstate also claims that the releases contain a stipulation pour au-trui in its favor.
There appears to be no support for Interstate’s assertion that plaintiffs intended to release their claims against Interstate when they signed the restricted releases. The language of the releases shows that plaintiffs intended to release Pelican and his liability insurer only. The releases contained a reservation of rights, even though it was not required by C.C. art. 1803. Although there is language referring to a release of UM claims, the release is restricted to UM claims against Pelican and his insurer. Moreover, the releases cannot be deemed to contain a stipulation pour autrui in favor of Interstate since there is no language to indicate that plaintiffs intended to confer a benefit upon a third party, such as Interstate. *683 Therefore, the trial court did not err in denying the exception of res judicata.