650 So.2d 1236 (1995)
Juanita FASCIO and Lionel L. Fascio
v.
Maxine LEE and Colonial Lloyd's Insurance Company, Esther Segue and Government Employee's Insurance Company.
No. 94-CA-1149.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
*1237 Allen H. Borne, Jr., New Orleans, for appellants.
Mark J. Armato, New Orleans, for appellee.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiffs Lionel and Juanita Fascio appeal a trial court judgment granting exceptions of no cause of action and res judicata filed by defendant Government Employees' Insurance Co. (GEICO). Finding that the settlement agreement between the plaintiffs and GEICO clearly and unambiguously released GEICO from all further liability, we affirm the trial court judgment seeking uninsured motorist (UM) benefits from GEICO.

Facts
Plaintiffs Lionel and Juanita Fascio, suffered injury in a March 16, 1991, while passengers in a vehicle owned by Mrs. Fascio that was being driven by Esther Segue. The accident occurred when the vehicle collided with a vehicle driven by Maxine Lee and owned by Agency Car Rental. On January 16, 1992, the Fascios filed suit against Segue and her liability insurer, GEICO, as well as Lee and her insurer, Colonial Lloyd's Insurance Co.
In February 1992, the Fascios entered a settlement agreement with GEICO, in which GEICO agreed to accept 50 percent of the liability on behalf of Segue and pay $6,600 for Mr. Fascio's injuries and $6,200 for Mrs. Fascio' injuries. On March 4, 1992, the Fascio's executed full releases absolving GEICO and Segue of any further liability. In addition, the parties executed a Joint Motion and Order of Dismissal dismissing all claims and demands against GEICO and Segue with prejudice.
Thereafter, the Fascios proceeded against Lee and Colonial Lloyd's. Colonial Lloyd's, however, became insolvent and signed an Order of Liquidation on March 27, 1992. The Fascios then filed an Amended Petition naming GEICO as their UM insurance carrier. GEICO filed exceptions of No Cause of Action and Res Judicata. After a hearing, the trial judge granted both exceptions, dismissing the case.

Exception of No Cause of Action
Primarily, the Fascios contend that they released GEICO from liability for the accident only in its capacity as Segue's liability carrier. Thus, they contend, they reserved their claim against GEICO in its capacity as their UM carrier. Because Colonial Lloyd is insolvent, they claim entitlement to UM benefits from GEICO. We find no merit in this argument.
The resolution of this case is governed by this court's recent decision in Duet v. Lucky, 621 So.2d 168 (La.App. 4th Cir.1993). In that case, Duet, a passenger in a vehicle driven by Servat, sustained personal injuries in an automobile accident. Duet settled her claims against Servat and his insurer, State Farm. Later, she sued Lucky, the driver of the vehicle that struck Servat's vehicle, Lucky's insurer, and Allstate, her own UM insurer. Allstate filed a third-party demand against State Farm, alleging that State Farm provided the primary UM coverage for Servat's vehicle and that this coverage would prime the UM coverage provided by Allstate. State Farm filed a motion for summary judgment and exception of res judicata, claiming that Duet had released State Farm and Servat from any and all claims arising from the accident. The trial court denied State Farm's exception and motion, but this court reversed, holding that "since the wording in the release [between Duet and State Farm] was clear and unambiguous, the trial court erred when it failed to sustain the exception of res judicata."
Like Duet, the instant case involves a settlement or compromise, which is defined by La.C.C. art. 3071 as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner that they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." When assessing *1238 the meaning and intent of parties to a written contract, the court looks to the four corners of the document. In most situations, extrinsic or parol evidence will not be considered to negate or vary the contents of the document. La.C.C. art. 1848; Duet, 621 So.2d at 168.
In the present case, the evidence unequivocally demonstrates that the Fascios executed an agreement compromising all claims against GEICO and Segue and releasing them from liability. The releases clearly provide that GEICO is released from the following:
[A]ny and every claim, demand, right or cause of action, of whatever kind or nature, on account of or in any way growing out of any and all personal injuries and consequences thereof, including, but not limited to, all causes of action preserved by the wrongful death statute applicable, any loss of services and consortium, any injuries which may exist but which at this time are unknown and unanticipated and which may develop at some time in the future, all unforeseen developments arising from known injuries, and any and all property damage resulting or to result from an accident that occurred on or about the 16th day of March, 1994, at or near New Orleans, LA.
The language of the above-quoted release clearly evidences an intent to release GEICO and Segue from "any and all claims," "of any kind or nature whatsoever," "known and unknown," arising out of the accident. Like Duet, the settlement agreement expressly precludes the possibility that the plaintiffs intended to release GEICO only in its capacity as liability insurer.
An exception to the parol evidence rule exists when there is a dispute between the parties as to exactly what matters were included in the compromise agreement. La. C.C. art. 3079; Duet, 621 So.2d at 172. In the present litigation, plaintiffs assert that when they executed the releases with GEICO and Segue, they did not intend to release GEICO in its capacity as UM insurer. The subsequent liquidation of Colonial Lloyd's is the only evidence offered by the Fascios to support this contention.
We reject this argument. Plaintiffs offer absolutely no evidence to demonstrate that, at the time they executed the releases, they intended to reserve their rights to bring an UM claim against GEICO. Furthermore, this case does not involve any vices of consent. Plaintiffs neither contend nor did they put forth evidence suggesting that they were intellectually disadvantaged when they entered the release, especially in light of the fact that they were represented by an attorney. Obviously, Colonial Lloyd's liquidation was an unfortunate occurrence for the plaintiffs. The mere fortuity that Colonial Lloyd's became insolvent after the releases were signed, however, is not grounds to compromise the settlement agreement.
Rather than confront Duet, plaintiffs premise their arguments on Carona v. State Farm Insurance Co., 458 So.2d 1275 (La. 1984); Boudreaux v. Government Employee's Insurance Co., 454 So.2d 135 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1245 (La.1985), and Turner v. Pelican, 625 So.2d 681 (La.App. 4th Cir.1993). Those decisions are easily distinguishable from the present case. In all three cases, the liability carrier and the uninsured motorist carrier were different companies. In those cases, the plaintiffs settled with the tortfeasors and their liability insurers, then sued their own UM insurers. The courts correctly held that the UM carrier could not elude liability by claiming that the settlement between the plaintiff and the tortfeasor also precluded suit against them.
By contrast, this case is factually different because GEICO is both liability insurer and the UM insurer. GEICO seeks to avoid liability for the uninsured motorist benefits based on its settlement agreement with the plaintiffs. The release pertains to "all claims" against GEICO by its express terms. Thus, the above cases are inapposite.
Compromises are favored in the law and the burden of proving the invalidity of a compromise is on the party attacking the agreement. Lucky, supra, 621 So.2d at 172; Ellison v. Michelli, 513 So.2d 336 (La.App. 4th Cir.1987). When there is evidence before the factfinder which upon its reasonable evaluation *1239 of credibility, furnishes a reasonable factual basis for the trial court's findings, the appellate court should not disturb this factual finding on review in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). Because the plaintiffs failed to introduce evidence to indicate that they, at the time the release was signed, intended to reserve their right to bring suit against GEICO for UM benefits, the trial court properly granted the exception of no cause of action.

Exception of Res Judicata
Additionally, we conclude that the trial judge properly granted the exception of res judicata. La.R.S. 13:4231 provides, in pertinent part, as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties ... to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
Under the Louisiana Civil Code, the doctrine of res judicata expressly applies to transactions or compromises between parties. La.C.C. art. 3071; La.C.C. art. 3078. A release of a claim in exchange for consideration received is effectively a compromise that constitutes the basis of the plea for res judicata. Duet, 621 So.2d at 173. Because GEICO was a party to the compromise agreement, it correctly raised the plea of res judicata. Because the releases were clear and unambiguous, the trial court properly sustained the exception of res judicata.
Accordingly, the decision of the trial court is affirmed.
AFFIRMED.