IiMcKAY, Judge.
This case arises from an incident in which the plaintiff, Michael Cochennic, was inadvertently sprayed with a pesticide by employees of the New Orleans Mosquito Control Board while he was performing work related duties on a levee in Orleans Parish. Plaintiff alleges he suffered physical and psychic injuries as a result of this exposure.
On September 22, 1989, plaintiff filed his petition for damages. Approximately eight years of discovery and litigation took place before the parties agreed to attempt mediation. On May 13, 1997, the parties participated in a full day of mediation at ADR. Subsequent negotiations took place over the next couple of weeks and an oral agreement of compromise was reached by the parties on May 28, 1997. Defense counsel incorporated the terms of this oral agreement into a release and settlement agreement which was forwarded to plaintiffs counsel, Ronald Welker, for execution. Plaintiff executed the settlement agreement on June 24,1997. Mr. Welker purportedly notarized the document and signed an accompanying Certificate and Warranty of Counsel warranting to defendants that he had fully advised plaintiff concerning the effect of the settlement on his legal rights. The agreement called for the plaintiff to release the defendants and settle his claim for $68,394.50.
On June 24, 1997, upon receipt of the executed settlement agreement, defendants tendered a cheek in the amount of $68,394.50 to plaintiffs counsel of record, Mr. Welker. The next day plaintiff learned via the local news media |2that his attorney, Mr. Welker, had been disbarred for stealing his clients’ funds as well as other offenses. Thereupon, *327 plaintiff personally telephoned defense counsel to advise him of the situation and to request that a stop payment be placed on the check. Defense counsel complied with this request.
Plaintiff then obtained new counsel and refused to accept a new check for the previously agreed upon sum. On July 14, 1997, defendants filed a Motion to Dismiss Claims and Deposit Settlement Funds into Court Registry and requested inter alia that the Release and Settlement Agreement be enforced and that plaintiffs petition be dismissed with prejudice upon tender of the settlement amount into the court’s registry. This motion came on for hearing on November 7, 1997. At the hearing, plaintiff offered no evidence to show how his consent to the settlement agreement had been vitiated. The court found plaintiff failed to carry the burden of proof needed to show that his consent to the settlement agreement was invalid. Plaintiff appeals from this ruling.
At issue is whether the compromise agreement signed by the plaintiff, which is clear and unambiguous as to its terms, can nevertheless be invalidated or rescinded due to the fact (unbeknownst to either party to the compromise) that plaintiffs attorney had been disbarred just days prior to the execution of the written settlement agreement. When challenging a compromise agreement, the party seeking recision of the agreement bears the burden of proof with respect to invalidity. Fascio v. Lee, 650 So.2d 1236, 1238 (La.App. 4 Cir.1995).
The settlement reached by the parties in this case is what is known in Louisiana law as a transaction or compromise. According to Civil Code Article 3071:
A transaction or compromise is an agreement between two or more | gpersons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
The transaction or compromise like any other contract has the force of law between the parties. However, it can be rescinded on a limited number of grounds which are found in Civil Code articles 3078 through 3083. Brown v. Drillers, 630 So.2d 741, 747 n. 9 (La.1994). Rescission of a compromise is justified in only four eases: (1) error in the person, (2) error on the matter in dispute, and (3) fraud or violence. La. Civ. Code art. 3079; Brown, supra. In the instant case, there is no error in the person nor is there any error as to the matter in dispute. The only question is whether plaintiffs consent to the settlement was obtained through fraud.
Plaintiff contends that he relied on the advice and counsel of a disbarred attorney in reaching this settlement. An order of disbarment had in fact been entered against Mr. Welcker on June 3, 1997. It is also true that Mr. Welcker concealed this from his client. The law, however, does not consider this a vice of consent. Civil Code article 1956 states: “Fraud committed by a third person vitiates the consent of a contracting party if the other party knew or should have known of the fraud.” In fact, this Court has held that fraud perpetrated by an attorney on his client relating to a compromise agreement is not sufficient to rescind that agreement where the remaining parties to the compromise agreement are not aware of the fraud. Smith v. Frey, 703 So.2d 751, 753 (La.App. 4 Cir.1997). Plaintiff does not contend that defendants were aware pof Mr. Welcker’s disbarment or that they acted in concert with Mr. Welcker to defraud him. Since the defendants neither attempted to defraud Mr. Cochennic nor were they aware of the alleged fraud perpetuated by Mr. Welcker, the settlement agreement cannot be set aside or invalidated on the grounds of fraud.
Plaintiff also contends that the settlement agreement should be set aside because the accompanying Certificate and Warranty *328 of Counsel executed by Mr. Welcker and his notarization of the settlement agreement were invalid. This argument fails because the aforementioned formalities are not required by law. In this case, they were asked for by the defendants as additional safeguards to verify that plaintiff had consented to the settlement. Mr. Cochennic does not dispute that he consented to and signed the settlement agreement.
Finally, plaintiff contends that the settlement agreement should not be enforced because it was signed only by him and not the defendants. The Louisiana Supreme Court has held that a settlement agreement signed only by the plaintiff is nonetheless enforceable where the defendants have given written confirmation of their acceptance by tendering a check in conformity with the terms of the settlement agreement. Felder v. Georgia Pacific Corp., 405 So.2d 521, 524 (La.1981). In the instant case, a check was also tendered by the defendants after plaintiff executed the settlement agreement. Therefore, plaintiffs contention fails.
For the foregoing reasons, we find that the trial court did not err. The settlement agreement is valid and should be enforced.
AFFIRMED.