HOLDRIDGE, J.,
agreeing in part and dissenting in part.
|, While I agree with the reversal of the trial court judgment regarding the exception of res judicata, I disagree with the majority opinion insofar as it states that an exception of no right of action may not be used to question whether Mrs. Garrison has a right to bring this suit for personal injuries.
The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.C.C.P. art. 927(6). Unlike the exception of no cause of action, evidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does not possess the right she claims • or that the right does not exist. Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594, 597 (La.1984); Robertson v. Sun Life Financial, 2009-2275 (La.App. 1 Cir. 6/11/10), 40 So.3d 507, 511. In this case, evidence was introduced showing that Mrs. Garrison entered into a compromise agreement wherein she “release[d] and forever discharge^] all . .■. persons, firms or corporations liable or, who might be claimed to be liable, ... from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever,” with “the express purpose of precluding forever any further or additional claims arising out of the ... accident.”
Compromises are favored under the law and are intended to put an end to litigation. Consequently, compromises have a preclusive effect. Preclusion means Rto “to prevent the presence, existence, or occurrence of; make impossible.” That said, it appears entirely appropriate that, under the facts of this case, the compromise can form the basis of an exception of no right of action, and I am unaware of any impediment in the positive law that would forbid it.
The majority opinion relies on dicta from the cases of Morris v. Fleniken, 473 So.2d 319, 320 n. 2. (La.App. 1 Cir.1985). Boudreaux v. Government Employees Insurance Company, 454 So.2d 135, 137 (La.App. 1 Cir.1984), writ denied, 462 So.2d 1245 (La.1985) for the proposition that a compromise is a defense and thus is not properly the object of an exception of no right of action. However, those decisions were rendered thirty years ago. Since then, there have been changes in the law. Louisiana Code of Civil Procedure article 1005 was amended to remove compromise as an affirmative defense and Official Revision Comment (c) — 2008[1] to that article specifically notes that a compromise is a preclusion defense that is properly raised as a peremptory exception of res judicata. The Louisiana Civil Code articles governing compromise have also been amended. *23 Louisiana Civil Code article 3080 specifically addresses the preclusive effect of compromises. It states: “A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised.” Notably, Revision Comment (a) to that article notes that the preclusive effect of a compromise can be raised in a peremptory exception. Most significantly, it in no way limits the objection asserted in the exception to res judica-ta. The comment also states that La. C.C. art. 3080 “precludes subsequent actions on the subject matter that was the object of the compromise, in accordance with the intent of the parties.” Because intent is seldom appropriate for summary judgment,[2] not 13aIlowing the parties in the instant matter to raise the issue in a peremptory exception of no right of action will force the parties to continue rather than end litigation, thereby utterly depriving the compromise of its legally-intended pre-clusive effective.
In sum, while Mrs. Garrison, prior to signing the compromise, had a right of action in bringing a personal injury suit, she now no longer possesses such a right to bring suit. Therefore, I would affirm the trial court judgment sustaining the exception of no right of action.

. While comments form no part of the law and are not binding, they are aids to interpretation. Farrell v. Farrell, 555 So.2d 39, 41 (La.App. 1 Cir.1989).

. Because intent is at issue, it would be eminently more appropriate for the matter to be addressed on a peremptory exception of no right of action, rather than a motion for summary judgment, because the evidence that can be adduced on the exception would include live testimony from the parties.